IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISCTRICT OF PUERTO RICO

IN RE CALEB NEIRA RIVERA

CASE NO. 18- 07219 ESL

**REPLY TO DEBTORS SECOND OBJECTION TO CLAIM**

TO THE HONORABLE COURT:

COMES NOW creditor SCOTIABANK OF PR (from here on "Scotiabank"), through the undersigned counselor and very respectfully States, Alleges and Prays as follows:

I. **INTRODUCTION**

1. On December 11, 2018, debtor Caleb Neira Rivera filed the instant bankruptcy petition.

2. On March 14, 2019, debtor filed a Second Objection to Scotiabank's Proof of Claim No. 14-1 alleging in pertinent part that *claim preclusion* applies and that Scotiabank's debt was discharged as part of debtor's 2012 bankruptcy case.

3. Debtor has raised this very same issue on numerous occasions, namely three times at the state court level and as part of a request for permanent injunction relief at the district court level. He has not prevailed. On October 2, 2015, Debtor and his spouse filed their first Request for Relief of Judgment in State Court pursuant to Rule 49.2 of Puerto Rico's Rules of Civil, KAC 2015-00892 (hereinafter "2015 Relief Case").  This case was dismissed without prejudice on December 20, 2016 after debtor was ordered to produce the evidence he forwarded to Scotiabank's counsel as part of the 2012 bankruptcy case to support the allegation that Scotiabank's claim was unsecured. Debtor did not comply with state court's

orders, his legal representation resigned and the case was dismissed for lack of prosecution, but debtor was successful in delaying the judicial sale of the property for a third time.[1] Thereafter, on April 10, 2017, six months after the judicial sale of the property, Debtor filed a second Request for Relief of Judgment, Caleb Neira, et al. v. Scotiabank, SJ2017cv00133 (hereinafter "2017 Relief Case). Said case was dismissed by Judgment issued on November 16, 2018. As part of said judgment, attorney fees were imposed in favor of Scotiabank for debtor's egregious conduct. On August 3, 2017, Debtor reopened the original case and filed a Third Request for Relief of Judgment, which was denied by the state court on March 15, 2018. On July 26, 2018 debtor filed a Verified Motion for Preliminary Injunction to Stay State Court Proceedings (hereinafter "Injunction Case"), Case No. 18-01323 CCC. On August 8, 2018, the District Court in case 18-01323 CCC ordered debtor and his wife to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. After debtor stated his position, Judgment was issued dismissing the case on October 17, 2018.

4. In essence, Debtor argues that the 2013 Bankruptcy Order granting the objection to Scotiabank's claim, is a judgment on its merits and deprived Scotiabank of its standing to execute the 2009 State Judgment for collection of monies and mortgage foreclosure entered on December 15th 2009 by the San Juan Superior State Court . In other words, Debtor contends that the order from his dismissed bankruptcy case invalidated the underlying 2009

---

[1] Scotiabank has alleged in all of the state court cases that debtor presented incorrect information to substantiate his allegation that Scotiabank's mortgage was not recorded. The information initially produced by debtor, which was enclosed as an Exhibit to the 2015 bankruptcy case, is misleading. Debtor has never presented ANY formal evidence to support his allegation that Scotiabank's mortgage was not recorded, on the contrary, Scotiabank has produced a Registry Certification from the Registry of the Property that reflects that Scotiabank's mortgage has at all times, been properly recorded. Copy of the document produced in state court is herein included as **Exhibit No. 1.** Debtor first stayed the judicial sale with the filing of the 2012 bankruptcy case, the second stay of the judicial sale was obtained with the filing of the 2015 bankruptcy case.

State Judgment, even though they never obtained a discharge or confirmed the payment plan.

5. Scotiabank believes that the 2013 Bankruptcy Order does not have the effect of annulling the 2009 Judgment, since said order was not a judgment on its merits, but an order interlocutory in nature and intended only as a tool for the administration of the Bankruptcy estate, which ceased to exist when Debtor voluntarily dismissed the Bankruptcy Case before a payment plan was confirmed or the debt discharged.

## II. APPLICABLE LAW

### A. Effect of Dismissal and Claim Preclusion

6. Section 11 U.S.C. § 349 of the Bankruptcy Code provides for the effects of a dismissal of a bankruptcy case. 3-349 Collier on Bankruptcy, P.349.01 (16th 2017). Section 349(b) states that unless the court, for cause, orders otherwise, a dismissal of a case shall reinstate any lien voided under §506(d) of this title and the property of the estate will be reverted to the entity which such property was vested immediately before the commencement of the case.

7. It is well settled that congress' intention for §349 was to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case". H.R.Rep. No 95-595, p. 338 (1977) (dismissal's basic purpose…is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case"); See also Czywenski v. Jevic Holding Corp, 137 S. Ct. 973, 948 (2017) (Section §349(b) "aims to return to the prepetition financial status quo").

8. Debtor argues that an order disallowing a claim in his 2012 bankruptcy case is *res judicata* notwithstanding a subsequent dismissal of the case.

9. A careful review of the motion in objection to the 2012 claim reveals that said objection is contradictory in itself inasmuch as it argues that no evidence of security is attached, yet requests disallowance of the claim altogether.  It must be noted that apart from stating that no evidence for security was enclosed, not real allegation was raised with regards to the secured status of the mortgage and no evidence to contradict Scotiabank's secured status was enclosed.  Debtor's prayer for the disallowance of the claim is not proportional with the objection raised.[2]  It is uncontested that Scotiabank did indeed file a Proof of Claim, and that it also requested that it be allowed as an unsecured claim in its Reply to the Objection.  Accordingly, any adjudication on the merits of said claim would have rendered a hearing necessary since the relief sought by debtor did not coincide with Scotiabank's reply.  This did not happen, and we belief that it did not happen because the Court granted the objection based on the allegation of lack of evidence raised and not on the relief requested.

10. Scotiabank's Motion to Withdraw its Relief from Stay clearly shows that Scotiabank's intention was for its claim to be allowed as a general unsecured claim until evaluation of its recording could be properly confirmed.  Acknowledging the order granting the objection of Scotiabank's claim as a full judgment on the merits disallowing the claim is highly

---

[2] Debtor's request for relief is even contrary to the provisions of the Bankruptcy Code and applicable case law:
  A. Disallowing the Proof of Claim objected herein;
  B. Directing the Clerk to strike the claim of Scotiabank;
  C. Precluding Scotiabank from filing any amended, modified or substitute claim in this case;
  D. Declaring that the underlying debt be canceled and forever discharged whether or not the Debtor(s) receive their Discharge Order in this case; and
  E. Ordering any further relief as the Honorable Court may deem just and proper."

prejudicial to a creditor who not only has demonstrated that it has a recorded lien, but also tilts the balance to a debtor that has not met his burden to prove that Scotiabank's mortgage stands unrecorded.

11. At the three separate Requests for Relief of Judgment cases filed by debtor in State Court, Scotiabank has produced a Registry Certification that clearly confirms that Beneficial's Mortgage (now owned by Scotiabank), has at all times been recorded. Copy of the document produced in state court is included as **Exhibit No. 1**. Yet when Scotiabank serviced written discovery requests to debtor compelling him to produce any documentary evidence in his possession to support his allegation that Scotiabank's mortgage is unrecorded, none was provided.

12. As part of the 2015 bankruptcy case (15-05590), debtor filed a Motion for Voluntary Dismissal, docket entry no. 17, which included the only evidence so far submitted by debtor regarding the registry status of the property in controversy. The evidence included has been enclosed as **Exhibit No. 2**, it includes screen printouts of the Department of Justice's Registry of the Property site. That information clearly shows that Beneficial's Mortgage in the amount of $840,000.00 was recorded on 2005, that on 2010 a mortgage was cancelled in the amount of $694,00.00, that said mortgage was cancelled in favor of Beneficial. It corresponds to a previous mortgage from Doral that had been paid by Beneficial and Beneficial had the possession of the note for its cancellation. Accordingly, Beneficial's mortgage has never been cancelled.

13. Notwithstanding the above, other courts have held that a disallowance of a proof of claim in a bankruptcy case ***does not have preclusive effect*** where the bankruptcy case is subsequently dismissed. See In re Mirzai, 271 B.R. 647, 654, 649 (C.D. Cal 2001),

affirmed, 36 Fed. Appx 619 (9th Cir. 2002) ("there is no preclusive effect afforded to a disallowance of a proof of claim where there is a dismissal without discharge"); <u>Williams v. Stewart</u>, 97 Md. App. 620, 628-629 (1993) (ruling that a voluntary dismissal of a chapter 11 case, without confirmation of a plan, was automatically vacated by §349); <u>In re Case</u>, 27 B.R. 844, 847-848 (D.S.D. 1983) (after bankruptcy court disallowed the creditor's proof of claim, it denied the debtor's request for dismissal of bankruptcy case with disallowance of claim in effect because the bankruptcy court was "not persuaded that the interests of justice would be served by insulating debtors from claims of liability under state law after the debtors voluntarily withdraw from the jurisdiction of [the bankruptcy court] without proceeding to discharge").

*14.* <u>In re Mirzai</u> 271 B.R. at 654, the "disallowance of the creditor's proof of claim was not entitled to preclusive effect after dismissal because the debtor "was not entitled to the benefits of bankruptcy without confirmation of a plan or discharge"; Congress did not envision a fresh start for debtors that do not proceed to discharge, <u>In re Case</u> 27 B.R. at 847 and <u>Williams v. Stewart</u>, *supra.*

15. In Re Mizrai contains an identical set of facts to the case at bar. There, the creditor-corporation obtained a favorable judgment in state court against the debtor and filed a claim in bankruptcy court pursuant to the state court judgment. The bankruptcy court disallowed creditor's claim for lack of corporate standing. <u>Id</u>., at 650. As in the present case, the debtors then voluntarily dismissed their bankruptcy proceeding and sought to enjoin the creditor from enforcing its state-court judgment by asserting the preclusive effect of the bankruptcy court's later disallowance of the creditor's claim. Specifically, debtors argued that the order disallowing creditors claim basically annulled the state court's judgment and

prevented creditor from executing its state judgment. Id., at 650-651. The state court denied debtor's argument, which the appeals court confirmed. The bankruptcy court denied the debtor's request for preliminary injunction. Id. The United States District Court held that the bankruptcy court's order disallowing the creditor's claim was not entitled to the preclusive effect of *res judicata* and did not prevent the creditor from collecting on the state court judgment. Id.

16. In its judgment, the *In re Mizrai* court reasoned that:

> A discharge creates finality, which frees the debtor of its past obligations. The ***disallowance of a claim*** is interlocutory in nature and intended only as ***a tool for the administration of the bankruptcy estate. Once the estate no longer needs administration, there is no reason to give effect to the disallowance***.
>
> Here, the bankruptcy court properly found that its April 19, 1995 order disallowing Kolbe's proof of claim was not final. Accordingly, it was not entitled to res judicata, and Kolbe was not prevented from collecting on its judgment once the first case was dismissed and the automatic stay terminated. The bankruptcy court premised its finding on the reasoning outlined above and concluded that ***section 349 had the effect of undoing its previous order***. Mirzrai was not entitled to the benefits of bankruptcy without confirmation of a plan or discharge.

(Emphasis added). Id. at 654.

17. As such, the court concluded that ***"[a] procedural disallowance is not a judgment on its merits and should not be entitles to a preclusive effect"***. (emphasis added). Id. Hence, the order disallowing the claim was not final for purposes of res judicata because the bankruptcy had been dismissed before discharge. Id.

18. The court in Williams v. Stewart held a similar ruling. There, the district court entered a money judgment against the debtors and in favor of the creditor. Id. at 518. The debtors then filed for bankruptcy and the district court struck the money judgment based on the bankruptcy filing. Id. In the bankruptcy case, the creditor filed a proof of claim based on

the debt that was the subject of the district court judgment and the judgment itself. Id. at 519. The bankruptcy court disallowed the claim because the district court judgment had been stricken, and later dismissed the case before discharge due to the debtors' failure to file an acceptable disclosure statement and reorganization plan. Id. at 519–20. After dismissal, when the creditor returned to the district court to reinstate the original district court judgment, the debtors sought to use the bankruptcy court's ruling disallowing the proof of claim to preclude the reinstatement. Id. at 520. Under those circumstances, the appellate court determined that the bankruptcy court's order did not have preclusive effect in state court. Id. at 522.

19. As this Honorable Court can note, cases reaching different conclusions on the preclusive effect of a bankruptcy court allowing or disallowing a proof of claim agree *that a purpose of the Bankruptcy code is to prevent a debtor who filed bankruptcy petition from enjoying the benefits of bankruptcy proceedings without obtaining a discharge*. In re Ramirez, 283 B.R. at 160; In re Mirzai, 271 B.R. at 654; In re Case, 27 B.R. at 847–48. The determination of whether a disallowance of a claim was a judgment on its merits, entitled to preclusive effect, notwithstanding the subsequent dismissal of the case, depends on whether the debtor will use raid ruling for preclusive effects.

20. Therefore, in accordance with the aforementioned principles and rulings, Debtor cannot contend that the 2013 Order was a judgment on its merits which adjudged Debtor debt with Scotiabank and the validity of the mortgage that Scotiabank executed.

### B. Full Faith and Credit Act.

21. The above conclusion is in line with what the Full Faith and Credit Act ("FFCA"), 28 U.S.C. §1738 so orders. The FFCA requires federal courts as well as state courts to give *judicial proceedings* the same full faith and credit as they have by law or usage in the courts of such State from which they were taken. Parsons Steel, Inc., v. First Alabama Bank, 474 U.S. 518, 519 (1986). A judicial proceeding includes "all steps taken or which may be taken in the state court or by its officers from the institution to the final process." Hill v. Martin, 56 S.Ct. 278, 282–83 (1935). As such, the act "applies not only to an *execution issued on a judgment*, but to any *proceeding supplemental* or ancillary taken with a view to *making the suit or judgment effective*". Id; see also Gloucester Marine Rys. Corp. v. Charles Parisi Inc., 848 F.2d 12, 15 (1st Cir.1988) (noting same definition).

22. Moreover, "lower federal courts possess no power to sit in direct review of state court decisions.' [Citations omitted.] If the ... claims presented to a United States District Court are inextricably intertwined with the state court's [judgment] ..., then the District Court is in essence being called upon to review the state-court decision. This, the District Court [of Puerto Rico] cannot do." U.S. Industries v. Laborde, 794 F.Supp. 454, 463 (D.P.R.1992), citing Atlantic Coast Line R. Co., 90 S.Ct. at 1748. Accordingly, parties should not be permitted to re-litigate issues or controversies that have been resolved by state court. San Remo Hotel, L.P. v. City and County of San Francisco, 125 S.Ct. 2491, 2501 (2005).

23. Debtor is disguising an objection to a Proof of Claim, in order to reverse a State Court Judgment. The arguments presented in the present objection to claim where all denied by three state court judges and by Judge Carmen Consuelo de Cerezo at the district level. Debtor should not be afforded another opportunity to try and re-litigate the issues that were

already litigated and adjudged in the Original Case, therefore enjoining Scotiabank from enforcing their State Court 2009 Judgment. See Garcia v. Bauza Salas, 862 F.2d 905, 908 (1st Cir. 1988).

### C. *In Re Manfredito Laguer Román* and *Ce-Pen Corporation v. Hanson*

24. Debtor cites *In Re Manfredito Laguer Román,* opinion rendered in Adversary Proceeding 14-0255 (ESL) in support of his allegation that the objection to the claim filed in bankruptcy case 12-08577 was substantive in nature and not merely a procedural disallowance. We disagree. *In Re Manfredito Laguer Román* clearly states that:

   a. "failing to supply this documentation does not disallow the proof of claim entirely but, instead, simply deprives the claim of prima facie validity." Citing *In Re Hilton*, 2013, Bank. LEXIS 5058, 2013 WL 6229100 (2013);

   b. "an objection to a proof of claim based on the failure to comply with the requirements of Rule 3001 is <u>procedural in nature</u>, and not a substantive objection." Citing *Shoemake v. SN Servicing Corp.*, 586 B.R. 741, 744 (M.D. Tenn. 2018); and,

   c. "[t]he grounds for a substantive disallowance of a proof of claim are specifically listed in 11 U.S.C. §502 and not in the Bankruptcy Rules".

25. In *Ce-Pen Corporation v. Hanson*, 58 F.3d 89, 92-93 (4th Cir. 1995), the Court states that sufficient affirmative steps to avoid a lien in bankruptcy require initiation of an adversary proceeding to determine the validity, priority or extent of a lien or other interest in property … with procedural requirements which include the filing of a complaint and service of summons. Additionally, the Court in *In Re Manfredito Laguer Román,* explains that at a minimum "a proper objection might be established through 'the production of **specific and detailed allegations** that place the claim into dispute, ... the p**resentation of legal arguments**

**based upon the contents of the claim** and its **supporting documents**, ... or through **pretrial pleadin**gs ... in which evidence is presented which brings the validity of the claim into question."

26. The objection filed in bankruptcy case 12-08577 (ESL) was procedurally in nature and did not comply with the requirements of §502, with *Cen Pen v. Hanson*, nor with the requirements set forth in *In Re Manfredito Laguer Román* since no detailed allegations, no legal arguments, no supporting documents or pre trials pleadings were ever presented or reviewed as part of the adjudication of said objection. Debtor has never presented any real evidence to support his allegation that the Beneficial Mortgage is unrecorded.

### D. The 2009 Judgment

1. Paragraph No. 9 of Debtor's Second Objection to Scotiabank's Claim states that the 2009 judgment states "**in essence**" that "*either* (1) orders the defendant (Debtor herein) to pay R.G. Premier Bank of Puerto Rico the monies owed *or* ("*en defecto de pago* [...]") (2) orders the foreclosure sale of the mortgaged property. And in paragraph No. 27 they follow with an allegation that Scotiabank does not have the right to the sums of money portion of the judgement, in as much as Scotiabank opted for the foreclosure portion of the judgement

2. Said interpretation is not only incorrect but rather misleading. The 2009 Judgment in its final paragraph at page 3 states that if Defendants do not satisfy the amounts owed, that the Court orders the public sale of the property." Please Refer to **Exhibit No. 3**. Nowhere does it read, "either or" in the Judgment. This Judgment must also be read along with the "Aviso de Subasta" or Notice of Sale which states in pg. 3 that the product of the judicial sale shall be used to satisfy the amounts owed, **partially or totally**, as the case may be....

### III. CONCLUSION

Debtor and his spouse have filed three separate bankruptcy filings. At no time have they received a discharge from any Bankruptcy Court and at no time have they confirmed a payment plan.

The 2009 State Court Judgment must be given full faith and credit, as it stands valid even during four separate attempts that span a period of ten (10) years to invalidate it. Debtor now contends that he needs this bankruptcy because he had lost income and had no means to pay for legal representation. (paragraphs 33-35 of the Second Objection to Claim) This is completely misleading. Debtor has had at least six (6) separate attorneys for the cases he has himself filed, and for which he has paid filing fees. Namely:

- Almeida & Davila, PSC for bankruptcy Case 12-08577;
- Attorney Hector E. Pedrosa for bankruptcy Case 15-05590;
- Attorney Celso Rivera for the Request for Relief Case of 2015 KAC 2015-0892;
- Attorney Guillermo Baralt for the Request of Relief Case of 2017 SJV2017CV0133;
- Attorney Hector Figueroa-Vicenty for the Injunction Case 18-1323 (CCC); and,
- Attorney Peter Santiago Gonzalez for the instant case.

The District Court in case 18-01323 already advised debtor that the disallowance of the claim as part of the 2012 bankruptcy case was not a discharge of the debt and that the 2009 Judgment was valid. Please refer to **Exhibit No. 4**. Debtor has continued to litigate this issue which he knows is meritless in a clear attempt to force Scotiabank to incur in additional legal fees and to delay the eviction proceeding.

As recently as last week, debtor filed a motion as part of the Foreclosure case challenging the eviction because he contends that the Bankruptcy Order authorizing said eviction was directed solely at Inversiones Tres B as movant and thus precludes Scotiabank from requesting the eviction.

Debtor's Objection to Claim is baseless. As Scotiabank has clearly proven, its claim is and has been secured at all times, it has never been discharged. Scotiabank is entitled to collect on any deficiency that may arise as part of the debt and the judicial sale of the property.

WHEREFORE Scotiabank hereby respectfully requests that debtor's objection to POC No. 14-1 be denied and that attorney fees be imposed on a very egregious debtor.

Respectfully submitted in Guaynabo, Puerto Rico, this 26th day of April, 2019.

## NOTICE

Within FOURTEEN (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this document has been served, or any other party to the action who objects this document, shall serve and file an objection or other appropriate response with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the proposed document will be deemed unopposed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, on information and belief, shall automatically notify the parties' attorneys of record, if any has appeared, at their e-mail addresses, and which pursuant to Local Civil Rule 5.1(b)(2) constitutes the equivalent of service.

**VAZQUEZ & ESTRELLA LAW OFFICES, LLC**
PMB 407
Ave. Esmeralda 405, Suite 2
Guaynabo, Puerto Rico 00969-4427
Tel: (787) 402-7275
e-mail: yvazquez@vazquezestrellalaw.com


/S/ **YASMÍN R. VÁZQUEZ VÁZQUEZ**
**USDC 217603**